**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Geddes S. Gibbs and Alfred McZeal, Jr.,** | : | **Case No. 3:23-cv-1394** |
| | : | **(JUDGE MANNION)** |
| **Appellants,** | | |
| | : | |
| **v.** | | |
| | : | |
| **Goddard Riverside Community Center, Roderick L. Jones, Merrill T. Dobson, Andrea Cain Lawson, Christopher Auguste, Nancy Rochford, Marcia Bystryn, and Howard Stein,** | : : : | |
| **Appellees.** | : | |

## MEMORANDUM

Presently before the court is the *pro se* bankruptcy appeal of Debtor Gebbes S. Gibbs and Alfred McZeal, Jr. regarding the bankruptcy court's dismissal of their adversary complaint. Appellants filed a notice of appeal with this court on August 22, 2023. (Doc. 1.) However, to date they have not filed an appellant brief in violation of the Federal Rules of Bankruptcy Procedure. Accordingly, and for the reasons stated below, the court will *sua sponte* dismiss this appeal for failure to prosecute.

### I.   Background

Appellant Gibbs and his spouse, Natalie Fashina Langley Gibbs, filed a Chapter 13 Voluntary Petition on February 27, 2023, in the United States

Bankruptcy Court for the Middle District of Pennsylvania. On March 27, 2023, Mr. Gibbs and Mr. McZeal initiated an adversary proceeding in the bankruptcy court against Appellee Creditors. Appellants filed a 110-page complaint alleging claims under the United States Constitution, Sections 1981, 1983, 1985, and the 1986, the Racketeer Influence and Corrupt Organizations Act, the Fair Debt Collections Practices Act, and state law. No where in the complaint does Mr. McZeal explain why he is involved in this matter, how he is connected to Mr. Gibbs or his bankruptcy, or how his rights were violated by the conduct alleged in the adversary complaint.[1]

Mr. McZeal has conceded on the record that this adversary proceeding should have been filed in district court at the onset and was only brought in bankruptcy court because Mr. Gibbs could not afford the district court's filing fee. Still after Appellees moved to Dismiss Appellants' adversary complaint in the bankruptcy court, Appellants filed a motion to withdraw the reference and move the whole proceeding to district court. Appellants first attempted

---

[1] The bankruptcy court has also expressed concerns that Mr. McZeal, who is not an attorney, is engaged in the unauthorized practice law by acting as Mr. Gibbs representative in this matter. The court shares this concern and wants to remind Mr. McZeal that the unauthorized practice of law is a criminal offense in the Commonwealth of Pennsylvania. *See* 42 Pa. Cons. Stat. Ann. § 2524. Mr. McZeal cannot represent Mr. Gibbs or anyone other than himself in any aspect of Mr. Gibbs' bankruptcy or any other proceeding before this court.

to file their motion in bankruptcy court, where they also requested to stay their adversary proceeding while that motion was pending. But since a motion to withdraw the reference must be filed in district court, the bankruptcy court dismissed Appellants' motion, as well as denied their request for a stay finding they failed to carry their burden of showing that they were likely to succeed in having the reference withdrawn or that the stay otherwise served the interest of the parties or court.

On July 5, 2023, Appellants refiled their motion to withdraw the reference. For reasons that are not clear to the court, Appellants filed their motion to withdraw the reference again on July 17, 2023. Appellees filed a response on July 19, 2023, and Appellants filed an amended motion on July 21, 2023. Appellants filed another amended motion on July 27, 2023. Appellees did not file any subsequent response to Appellants' motion but continued to pursue their motion to dismiss the adversary proceeding in bankruptcy court.[2]   In their motion to withdraw the reference Appellants requested the district court stay the proceedings in bankruptcy court

---

[2] Appellees also filed a motion to sanction Mr. McZeal in the bankruptcy court arguing that Mr. McZeal's only purpose for inserting himself in this bankruptcy is to harass and exploit Appellees, a tactic that has previously led to sanctions against him in California, Texas, and Louisiana, and landed him on a vexatious litigants list.

regarding Appellee's motion to dismiss. The court did not grant that request, nor was it required to.

Appellants did not respond the Appellees' motion to dismiss. Instead, they filed an objection and *ex parte* motion to strike Appellees' motions to dismiss as well as their motion for sanctions against Mr. McZeal. On August 10, 2023, the bankruptcy court denied Appellants' motion to strike and granted Appellees' Motion to Dismiss finding that Mr. Gibbs failed to allege adequate facts for any of his claims and Mr. McZeal lacked standing to bring any claim. Furthermore, neither Mr. Gibbs nor Mr. McZeal filed any response to Appellees' motion to dismiss. On August 22, 2023, Appellants filed a notice of appeal challenging the bankruptcy ruling on Appellees' motion to dismiss with the district court. On August 23, 2023, the court docketed a letter with its procedures including the requirement that Appellant's file their opening brief within 14 days per the Federal Rules of Bankruptcy Procedure. (Doc. 2). To date Appellants have not filed any briefs with the District Court.

## II.    Standard of Review

This court has appellate jurisdiction over this appeal of the bankruptcy court's order pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). *See In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012)

("[A] district court sits as an appellate court to review a bankruptcy court."). When a district court sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

## III. Discussion

Federal Rule of Bankruptcy Procedure Rule 8009(a) establishes that "[u]nless the district court or the bankruptcy appellant panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." As stated in the court's letter neither the District Court nor the local rules excuse the filing of briefs or specify different time limits here.

"Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules." *In re New Century TRS Holdings Inc.*, 526 B.R. 562, 565 (D. Del. 2014), *aff'd sub nom. In re New Century TRS Holdings, Inc.*, 619 F. App'x 46 (3d Cir. 2015) citing *In re Richardson Indus. Contractors, Inc.,* 189 Fed.Appx. 93, 96 (3d

Cir.2006) (unpublished). Furthermore, under the court's inherent power over case management, it may dismiss an action with prejudice *sua sponte* for a plaintiff or in this case appellant's failure to prosecute "so as to achieve the orderly and expeditious disposition of cases." *Spain v. Gallegos,* 26 F.3d 439, 454 (3d Cir.1994). The decision to dismiss for lack of prosecution lies within the district court's discretion. *See Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002) (dismissal for failure to prosecute is reviewed for abuse of discretion). This discretion is informed by the six-factor test articulated in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984); *See also In re New Century*, 526 B.R. at 566 (Using *Poulis* factors in deciding to dismiss bankruptcy appeal for failure to prosecute.)

The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense. *Gallegos,* 26 F.3d at 455 (citing *Poulis,* 747 F.2d at 868). "No single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Still the court will address each factor in turn.

## A. Appellants' Personal Responsibility

Here the Appellants have filed their appeal *pro se* and therefore, are personally responsible for their actions, or lack thereof. *See Emerson v. Theil Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Accordingly, the court finds that this factor weighs in favor of dismissal.

## B. Prejudice to the Opponent

By failing to file any brief the Appellants have failed to inform Appellees of the specific issues they intend to rise on appeal and in turn have deprived Appellees of the ability to respond to this appeal. Accordingly, the court finds that this factor weighs in favor of dismissal.

## C. History of Dilatoriness

Appellants filed their notice of appeal on August 22, 2023, and nearly six months later have still not filed any briefs. Appellants have not once sought an extension or offered the court any explanation for this delay. Furthermore, Appellants never filed an opposition brief in the bankruptcy court to the motion to dismiss that led to the order they now challenge on appeal. Accordingly, the court finds that this factor weighs in favor of dismissal.

### D. Whether Conduct of the Appellants was willful or in bad faith

Given the court's notice to Appellants on August 23, 2023, that they needed to file their opening brief within 14 days of filing their notice of appeal and Appellants lack of any request for extension, the court must conclude that at best their failure to file an opening brief was willful and at worst in bad faith. The history of vexatious litigation presented to the bankruptcy court about Mr. McZeal makes the court inclined to believe that it is the latter. Accordingly, the court finds that this factor weighs in favor of dismissal.

### E. Effectiveness of Other Sanctions

Based on the bankruptcy court transcript Mr. McZeal has already been the subject of motion to sanction in the bankruptcy court. Yet Appellants have continued to flaunt the Federal Rules of Bankruptcy Procedure. Furthermore, appellants are *pro se* so traditional attorney disciplinary sanctions are inapplicable to them. Accordingly, the court finds that this factor weighs in favor of dismissal.

### F. Meritoriousness of Claim or Defense

In considering whether a claim or defense appears to be meritorious, "[the court does not] use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a

- 8 -

complete defense." *Poulis*, 747 F.2d at 869–70. Here Appellants challenge the bankruptcy court's order granting Appellee's motion to dismiss their adversary complaint but again provide no arguments to this court in support of that challenge. Likewise, without any arguments from the Appellants the Appellees have not been able to raise any defenses. Nonetheless based on its own review of the record, the court sees no error by the bankruptcy court. It is evident from the record that Mr. Gibbs failed to allege adequate facts in support of any of the 19 claims in his adversary complaint and Mr. McZeal lacks standing to bring any claim. Accordingly, the court finds that this factor weighs in favor of dismissal.

On balance, the *Poulis* factors all weigh in favor of dismissing Appellant's appeal for failure to prosecute. Thus, the court will **DISMISS** the present appeal with prejudice. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-1394-01

- 9 -